# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| MARY MONTGOMERY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF ST. JOSEPH, MISSOURI, )<br>)<br>Defendant. ) | Case No. 21-cv-06003-SRB |

## RULES OF JURY TRIAL

1. Court will normally convene at 9:00 a.m. and recess at or near 5:00 p.m. **Counsel and the parties should be in the courtroom by 8:30 a.m. on each day of trial** in order to take up any matters that need to be addressed before the jury is brought in at 9:00 a.m. The parties may expect morning, lunch, and afternoon breaks at appropriate times.

2. Unless excused by the Court, counsel and all participants at counsel table shall: (a) stand as Court is opened, recessed, or adjourned; (b) stand when the jury enters and retires from the courtroom; (c) address all remarks, other than examination of a witness, to the Court instead of to opposing counsel; and (d) avoid disparaging personal remarks toward opposing counsel.

3. Except in unusual circumstances, counsel should stand when addressing the Court, being addressed by the Court, or examining a witness. See Local Rule 83.3(a).

4. Counsel will conduct voir dire. At the conclusion of the questioning, the jury will be excused and each side may move to strike for cause. Plaintiff's strikes will be made first, and then defendant's strikes will be made. The panel will be recalled and the jury will be seated and sworn.

5. Absent good cause shown, opening statements will be limited to thirty (30) minutes for each side.

6. Visual aid or exhibits may be used during an opening statement. Opposing counsel must be shown the visual aid or exhibit prior to the use of the item during the opening statement.

7. Only one (1) counsel per party may examine a witness. <u>See</u> Local Rule 83.3(b).

8. Counsel may approach a witness for any legitimate purpose without requesting permission to do so. However, witnesses shall be interrogated from a reasonable distance and shall not be badgered.

9. If a podium is provided, counsel may use it, but are not required to do so. However, counsel will not be allowed to intrude into the jury's space. Furthermore, no paper, object or hands of counsel shall be placed on the railing in front of the jury box.

10. When making an objection, counsel should say only "objection" plus the legal reason for the objection (i.e., leading, hearsay, etc). If objecting counsel desires to give reasons for the objection or if an opposing counsel desires to oppose the objection, counsel shall request leave to approach the bench. Objections to evidence should be made only by counsel handling the witness. Objections during opening statements or closing arguments should be made only by counsel making the opening statement or closing argument.

11. After counsel questions an expert witness about his/her qualifications, do not ask the Court to declare the witness an expert.

12. Counsel shall treat adverse witnesses and parties with fairness and consideration. No abusive language or offensive personal references will be tolerated.

13. Visible reactions to a witness's testimony, counsel's presentation, or Court ruling (such as facial or body gestures) are inappropriate.

14. Do not converse with your client or co-counsel in a manner that your conversation may be heard by the jury.

15. The length of closing arguments will be established during the instruction conference.

16. Instructions will be read to the jury before closing arguments. Each juror will be given a copy of the instructions after closing arguments for use during deliberations.

17. After the jury retires, counsel for each party shall assemble all of the exhibits and keep them available in the courtroom. Counsel and their clients should remain in the courthouse and advise the Court's staff where they will be located while the jury is deliberating.

18. After the jury is dismissed, counsel for each party must take possession of his/her exhibits from the courtroom deputy and sign the receipt at the bottom of the exhibit list.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: March 2, 2021